```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

Maxine Remias,

      Plaintiff,

   v.                              Case No. 2:15-cv-2689

Commissioner of
Social Security,

      Defendant.

<u>ORDER</u>

Plaintiff Maxine Remias brings this action under 42 U.S.C. §§ 405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for social security disability insurance benefits and supplemental security income. In his February 28, 2014, decision, the administrative law judge ("ALJ") found that plaintiff had severe impairments consisting of anxiety-related and affective disorders. PAGEID 64. The ALJ concluded that plaintiff has the residual functional capacity ("RFC") to perform work at all exertional levels, but restricted her to nonhazardous work involving simple tasks, instructions, and changes, without strict production quotas, and with only casual and infrequent contact with supervisors and coworkers. PAGEID 66. The ALJ concluded that plaintiff was capable of performing jobs existing in significant numbers in the national economy, and that she is not disabled. PAGEID 70-71. This matter is before the court for consideration of plaintiff's August 10, 2016, objections to the July 28, 2016, report and recommendation of the magistrate judge, recommending that the decision of the Commissioner be affirmed. The Commissioner has filed a response to the objections.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.").  Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Plaintiff's Objections

A. ALJ's Analysis of Treating and Consulting Opinions

Plaintiff argues that the ALJ failed to adequately address the opinions of plaintiff's treating physicians Larry I. Cowan, D.O.,

2

and Shelby K. Raiser, D.O.  Under Social Security Ruling 96-2p, 1996 WL 374188 (Soc. Sec. Admin. July 2, 1996), treating-source opinions must be given "controlling weight" if: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record." *See* 20 C.F.R. §404.1527(c)(2); Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *2-3.  If the Commissioner does not give a treating-source opinion controlling weight, then the opinion is weighed based on factors such as the length, frequency, nature, and extent of the treatment relationship, the treating source's area of specialty, and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence.  20 C.F.R. §404.1527(c)(2)-(6); *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013).  The Commissioner is required to provide "good reasons" for discounting the weight given to a treating-source opinion.  §404.1527(c)(2).  However, a formulaic recitation of factors is not required.  *See Friend v. Comm'r of Soc. Sec.*, 375 F.App'x 543, 551 (6th Cir. 2010).

The court agrees with the magistrate judge that the ALJ provided good reasons for assigning little weight to Dr. Cowan's opinions.  The ALJ correctly noted that no special significance must be given to Dr. Cowan's opinion that plaintiff was disabled because the conclusion of disability is reserved to the Secretary. *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007).  The ALJ stated that Dr. Cowan's opinion that plaintiff was "disabled from working in almost any kind of situation that involves working with the public and/or any position requiring any significant cognitive

3

abilities" did not require the conclusion that she is unable to perform all jobs existing in the national economy. PAGEID 67. The ALJ found that Dr. Cowan's opinion was not supported by the treatment records. This conclusion was supported by the report of Dr. Bruce Goldsmith, Ph.D., a state-agency psychologist, who also opined that Dr. Cowan's statements were not supported by objective medical evidence. PAGEID 67; R. 70. Although plaintiff argues that the ALJ should have discussed the medical records in more detail, the ALJ did refer to plaintiff's treatment records elsewhere in his decision. *See* PAGEID 65, 68-69. In any event, an ALJ need not discuss every piece of evidence in the record for his decision to stand. *Kornecky v. Comm'r of Soc. Sec.*, 167 F.App'x 496, 508 (6th Cir. 2006); *Thacker v. Comm'r of Soc. Sec.*, 99 F.App'x 661, 665 (6th Cir. 2004).

The ALJ also provided good reasons for assigning little weight to the opinion of Dr. Raiser. The ALJ noted that Dr. Raiser's opinion was based on plaintiff's subjective complaints, which the ALJ found not to be entirely credible (as discussed in more depth below), that her opinion that plaintiff was "disabled" concerned an area reserved to the Secretary, and that mental health was not her area of speciality. The ALJ did not err in rejecting Dr. Raiser's opinion based on plaintiff's subjective complaints which were not supported by objective medical evidence. *See Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 273-74 (6th Cir. 2010). As to plaintiff's objection to the ALJ's comment regarding the fact that Dr. Raiser was not a mental health specialist, this is a factor which the ALJ was specifically permitted to consider under 20 C.F.R. §404.1527(c)(5). In reviewing the ALJ's consideration of Dr.

Raiser's opinion, the magistrate judge noted that Dr. Raiser's treatment notes contain no objective findings and document only normal mental status examination findings, and that one note commented that plaintiff appeared "to be ok on medicines." Doc. 25, p. 29 (citing R. 565-71).

In regard to consideration of the opinion of Dr. Marc Miller, Ph.D., a consultative examiner, the ALJ was not required to give "good reasons" for the weight assigned to the opinion of a non-treating source. *Ealy*, 594 F.3d at 514; *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007). The court agrees with the magistrate judge's conclusion that the ALJ gave sufficient reasons for assigning some weight to the opinion of Dr. Miller. The ALJ noted that: 1) this was a one-time evaluation; 2) Dr. Miller's conclusions that plaintiff had no impairment in her ability to understand, remember and carry out routine instructions and moderate limitation in her ability to maintain attention span and concentration were supported by the medical evidence of record; 3) Dr. Miller's conclusions that plaintiff had marked impairment in social interactions and dealing with stress and pressure in a work setting were not supported and were inconsistent with his assessment that plaintiff's social adaptation was "fair;" and 4) the only evidence of plaintiff's stress tolerance consisted of her subjective complaints regarding her prior employment (which the ALJ found that plaintiff could no longer perform). PAGEID 66, 70.

The ALJ gave little weight to the opinion of Mr. Dennis Bowers, LISW. Only "acceptable medical sources" can provide medical opinions. 20 C.F.R. §§404.1527(a)(2) 416.927(a)(2). As a licensed social worker, Mr. Bowers is not an "acceptable medical source." Rather, his opinion falls under the category of evidence

5

from "other sources" as defined in 20 C.F.R. §§404.1513(d) and 416.913(d). *See Amer v. Comm'r of Soc. Sec.*, No. 1:13-cv-282, 2014 WL 1338115 at *9 (S.D. Ohio April 2, 2014), *adopted* 2014 WL 1670082 (S.D.Ohio April 24, 2014); SSR 06-3p, 2006 WL 2329939 at *2. While the ALJ may use evidence from "other sources," such information "cannot establish the existence of a medically determinable impairment. Instead, there must be evidence from an 'acceptable medical source' for this purpose." SSR 06-3p, 2006 WL 2329939 at *2. However, information from "other sources" "may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." *Id.*

Because Mr. Bowers is not an "acceptable medical source," the ALJ was not required to provide good reasons for the weight given to his opinion under §404.1527(d)(2). *Mulkey v. Comm'r of Soc. Sec.*, No. 1:10-cv-466, 2011 WL 4528485 at *6 (W.D.Mich. June 14, 2011), *adopted* 2011 WL 4528479 (W.D.Mich. Sept. 29, 2011). Rather, the ALJ "generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning." SSR 06-3p, 2006 WL 2329939 at *6. Here, the ALJ gave adequate reasons for according little weight to the opinion of Mr. Bowers. In addition to noting that Mr. Bowers was not an accepted medical source, the ALJ commented that Mr. Bowers relied heavily on the subjective report of symptoms and limitations provided by plaintiff, even though "there exist good reasons for questioning the reliability of the claimant's subjective complaints" as the ALJ explained later in his decision. PAGEID 66. The ALJ also

6

concluded that the severity of the limitations assessed by Mr. Bowers was not supported by the treatment records.

The court concludes that the ALJ adequately stated his reasons for the weight he assigned to the opinions of the treating and consultative sources, and that those reasons are supported by substantial evidence.

B. Weight Assigned to the Opinions of State Agency Reviewers.

Plaintiff also argues that the ALJ erred in giving great weight to the opinions of Cynthia Waggoner, Ph.D. and Dr. Goldsmith, state-agency psychologists. As a general matter, the opinions of a treating source, who has an ongoing treatment relationship with the claimant, and of an examining source, who examines the claimant but has no ongoing treatment relationship with the claimant, are entitled to more weight than the opinion of a non-examining source such as state agency consultants. *Gayheart*, 710 F.3d at 375. However, this is not a *per se* rule. *See Norris v. Comm'r of Soc. Sec.*. 461 F.App'x 433, 438-40 (6th Cir. 2012)(upholding ALJ's decision to credit state-agency physicians' assessments over those of treating physicians); *see also* Soc. Sec. Rul. 96-6p, 1996 WL 374180 at *3 (Soc. Sec. Admin. July 2, 1996)("In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources.").

The ALJ stated that he gave great weight to the assessments of the state agency psychologists because they were consistent with the medical evidence of record. PAGEID 67. Plaintiff argues that this explanation was not sufficient, noting that the Appeals

7

Counsel vacated the ALJ's first decision on plaintiff's applications and remanded for further consideration of treating and non-treating sources and an explanation of the weight given to such evidence.  On remand, the ALJ stated that he was giving great weight to the psychologists' opinions because they were consistent with the medical evidence of record.  This explanation must have satisfied the Appeals Counsel, which denied plaintiff's request for review of the ALJ's decision presently before the court and adopted that decision as the Commissioner's final decision.  In any event, it is now this court's duty to independently review the ALJ's decision.  The court notes that the requirement for giving good reasons for assigning weight to an opinion applies only to treating sources.  *Ealy*, 594 F.3d at 594; *Smith*, 482 F.3d at 876.  The ALJ discussed plaintiff's medical records in his Step 3 analysis and in discussing plaintiff's credibility.  The ALJ's decision as a whole is sufficient to explain his reasoning for the weight given to the state-agency psychologists.

Plaintiff also argues that these psychologists reviewed old medical records and did not have the benefit of later treatment notes.  An ALJ can rely on a non-examining source who did not have the opportunity to review later medical records, as long as there is some indication in the decision that the ALJ considered the new evidence before giving weight to an opinion that is not based on a review of a complete case record.  *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009).  Here, the ALJ based his formulation of plaintiff's RFC on "careful consideration of the entire record[.]"  PAGEID 66.  The ALJ also noted that he was assigning great weight to the opinions of the state agency consultants because "although new medical evidence and opinions

8

have been submitted since they rendered their opinions, the claimant's limitation have not changed based on the new evidence[.]" PAGEID 67. The court agrees with the conclusion of the magistrate judge that substantial evidence in the record supported this determination. The magistrate judge noted that plaintiff continued to have normal mental status examinations, was "okay on medications" and had "made major progress in the past two years" according to Dr. Judyth Box, M.D., her medication management physician. *See* Doc. 25, p. 33 (citing R. 538-41, 568, 571). The court also agrees with the magistrate judge's determination that the state-agency psychologists did not err in their analysis of Dr. Cowan's opinion or in concluding that his description of plaintiff's stress tolerance limitations was too severe. *See* Doc. 25, pp. 34-35.

The ALJ did not err in according great weight to the opinions of the state-agency psychologists.

C. ALJ's Assessment of Plaintiff's Credibility

The ALJ concluded that plaintiff's complaints concerning the severity of her symptoms were not fully reliable or credible. PAGEID 68-69. Plaintiff argues that the ALJ erred in assessing her credibility and improperly considered her credibility and the subjective nature of her complaints in weighing the opinions of her treatment providers. An ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475-76 (6th Cir. 2003)(the ALJ may properly consider the credibility of a claimant when making a determination of disability, and the ALJ's credibility

determinations are accorded great weight and deference); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). A claimant's subjective complaints must be supported by objective medical evidence in order to serve as a basis for a finding of disability. *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993). An ALJ may dismiss a claimant's allegations of disabling symptomatology as implausible if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict. *Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1030 (6th Cir. 1990).

The magistrate judge thoroughly addressed the ALJ's credibility findings, and this court agrees with her analysis. As the magistrate judge commented, it was reasonable for the ALJ to consider the level of treatment plaintiff required and received. *See Lester v. Soc. Sec. Admin.*, 596 F.App'x 387, 389 (6th Cir. 2015). Likewise, the ALJ was entitled to consider the credibility of the plaintiff's self-reported symptoms in weighing the opinions of her treating physicians to the extent that those opinions were based on subjective complaints which the ALJ found to be insufficiently supported by objective evidence. *See Ferguson*, 628 F.3d at 273-74 (ALJ did not err in rejecting medical opinion based on claimant's subjective complaints which were not supported by objective medical evidence).

In this case, the ALJ discussed plaintiff's reported symptoms, her prescribed medications, and her mental health counseling, then concluded that although plaintiff had medically determinable impairments that could cause some symptomatology, the medical records and objective evidence failed to substantiate the severity

of the symptoms alleged by plaintiff or to document impairments which would preclude the work contemplated by the RFC. The ALJ noted that: 1) plaintiff's treatment was routine in nature, and the treatment notes talked more about family issues than psychological problems which prevented work and did not include plaintiff's complaints that she was unable to function once a month; 2) plaintiff reported in October 2013 that she was doing okay on medication; 3) plaintiff's claims of disabling panic attacks, depression, and other mental symptoms were contradicted by her successful treatment with medication and mental health counseling and the lack of any psychiatric hospitalization; 4) plaintiff's daily activities, including personal care, meal preparation, housecleaning, laundry, mowing the lawn, grocery shopping, and babysitting for her grandchildren, were inconsistent with debilitating symptoms; 5) plaintiff made inconsistent statements concerning the frequency of her panic attacks and her babysitting activities; and 6) plaintiff claimed to have had a panic attack immediately before a hearing before the ALJ, yet was able to testify clearly. PAGEID 65, 68-69.

The ALJ also properly considered the fact that plaintiff informed Dr. Box on August 30, 2012, that she was prevented from attending group therapy because she was babysitting daily, but later testified at the hearing that by "babysitting," she meant visiting with her grandchildren while her daughter-in-law was there. As the magistrate judge noted, Doc. 25 at 22, the ALJ had the opportunity to observe plaintiff at the hearing, and could reasonably conclude that plaintiff's attempt to downplay her capabilities by giving "babysitting" a non-traditional meaning was not credible. The ALJ was not required to discuss each of

11

plaintiff's daily activities in detail, nor was he obligated to specify what kind of mental health treatment would have been appropriate if plaintiff were disabled.

The magistrate judge also correctly concluded that the ALJ's credibility findings were supported by substantial evidence in plaintiff's medical records, citing to evidence from the treatment notes. Doc. 25, p. 19. The magistrate judge also noted that the ALJ's analysis was supported by the opinions of Drs. Waggoner and Goldsmith, who determined following a review of plaintiff's medical records that plaintiff's reports of symptoms were only partially credible in light of her treatment history and mental status examination findings. *See* PAGEID 43. The court agrees that the ALJ's credibility findings were supported by substantial evidence, and that the ALJ did not err in finding that plaintiff's reports of symptoms were only partially credible.

III. Conclusion

For the reasons stated above, the court concludes that the Commissioner's non-disability finding is supported by substantial evidence. The court overrules the plaintiff's objections (Doc. 26), and adopts and affirms the magistrate judge's report and recommendation (Doc. 25). The decision of the Commissioner is affirmed, and this action is dismissed. The clerk is directed to enter final judgment in this case.

It is so ordered.

Date: September 6, 2016          s/James L. Graham
                                 James L. Graham
                                 United States District Judge